## JACOB ZIEGLER V. PETER STEFANEK.

Where the defendant himself requested the court to charge the jury that they would find the meaning of the words "current money," and, if the deposit was Confederate money, they would find the value of the same and render a verdict accordingly, the defendant will not be heard to complain that the court had given a charge of similar import.

Where the party moved for a new trial on the ground of newly-discovered evidence, but that evidence was only cumulative of facts already proved, and would not have changed the result, a new trial was properly refused.

The court does not judicially know that a certificate of deposit dated May 12, 1862, for $300, deposited in "current money," meant Confederate treasury notes.

ERROR from Nueces. The case was tried before Hon. B. F. NILES, one of the district judges.

The plaintiff below sued the defendant upon an instrument in these words:

"CORPUS CHRISTI, *May* 12, 1862.

"Twelve or six months from date I promise to pay to Peter Stefanek three hundred dollars ($300) in current money, for which amount said Peter Stefanek has a deposit in my hands.        JACOB ZIEGLER."

The defendant pleaded that the deposit was made in Confederate notes, and that he had ever been willing to return the amount in the same, &c. The jury found $172 32, for which there was judgment. The defendant moved for a

new trial, on the ground that the verdict was contrary to evidence and was excessive; and also upon the ground of newly-discovered evidence, by which he expected to prove that the deposit was made in Confederate treasury notes of the Confederate States. On the trial the plaintiff proved the instrument declared on and receipted. The defendant proved the payment of $100 in United States currency. A witness swore that the meaning of the term "current money," in the note at Corpus Christi, at that date was Confederate money.

It was also proved that Confederate money, when the note fell due, was not worth over seventy-five cents on the dollar. The court instructed the jury that, if convinced that the note meant Confederate money, they would, from the evidence before them, determine what was its value, and render a verdict for that value. The bill of exception says, that to the giving of these instructions the defendant excepted; and then the judge says the defendant asked the instruction; but the defendant did ask the court to instruct the jury that they would find from the evidence what was the meaning of current money as used in the note or certificate of deposit on which the suit was brought; and, if they believed from the evidence that the note was given for a deposit made by the defendant with the plaintiff of Confederate money, then they must find for the defendant the value of the note sued on in that currency at its value on the 12th of May, 1863, less the amount shown to have been paid on the same; which instruction the court gave. But on the motion for a new trial no complaint was made of this instruction. The defendant prosecuted error, and assigned for error that the court erred in its first instruction to the jury and in overruling the motion for a new trial.

That instruction was in these words: "The jury must receive the note in question as evidence of the indebtedness of the defendant, and will determine its value from

the testimony before them. The receipt offered in evidence by the defendant, if shown to be connected with this transaction, which you must judge of from the testimony, you will allow and deduct from the original sum, and render a verdict for the balance."

*Lovenskold & O'Docharty*, for appellant, argued that "current money" meant notes of the Confederate States, and nothing else; and that by the ordinance of 1866, section 7, (which this court has repudiated,) it ought to have been scaled. They also argued that a new trial ought to have been granted on the ground of newly-discovered evidence, for which they cited Mitchell v. Bass, 26 Tex., 376.

As to the charge, they insisted that the judge erred in telling the jury "they must take the papers as evidence of the indebtedness as alleged."

*Sherwood & Flournoy*, for the appellee, reviewed the facts of the case, but cited no authorities.

MORRILL, C. J.—On the 12th May, 1862, Ziegler executed his certain instrument acknowledging a deposit by Stefanek of $300 in current money, and promising to pay the same in six months from date, at Corpus Christi.

In May, 1866, suit was brought on the instrument. Defendant answered, that the $300 was Confederate money received on deposit, and that he has always been ready, and is now ready, to repay the same. On the trial of the cause it was testified by one witness that current money, at the time and place of giving the instrument, signified Confederate money, and that the same was worth at the time about thirty-five cents on the dollar. At the request of the defendant, the court charged the jury that they would find the meaning of the words "current money," and, if the deposit was Confederate money, they would find the value of the same and render verdict accordingly. The

verdict of the jury seems to have been according to the charge of the judge, so given at the request of defendant. A new trial was asked, based upon the discovery of testimony since the trial, to the effect that the deposit was Confederate money, and the refusal of the judge to grant the new trial is the error assigned.

As the judge gave the charge requested by the defendant, and as the testimony discovered since the trial is of a cumulative nature, and would not in all probability have produced a different verdict had it been given to the jury that tried the case, we cannot say that the judge erred in refusing a new trial. We do not say the judge, in giving the charge requested by the defendant, did not err in so doing; but inasmuch as the charge has not been assigned as error, and as the facts in the case are not conclusive from the testimony, and as the court cannot judicially know that current money meant the currency of the so-called Confederate States, there is no alternative left us but to affirm the judgment, which is accordingly done.

JUDGMENT AFFIRMED.